Opinion filed December 9,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-09-00070-CR & 11-09-00071-CR

                                                    __________

 

                         STEPHEN
DOUGLAS NICHOLS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court 

 

                                                            Brown
County, Texas

 

                                       Trial Court Cause
Nos. CR19688 & CR19773  

 



 

                                            M
E M O R A N D U M    O P I N I O N

            The
jury convicted Stephen Douglas Nichols of sexual assault of a child[1]
and of two counts of indecency with a child.[2] 
The jury assessed punishment at confinement for twenty years for each offense. 
We affirm.

            In
his sole issue in each case, appellant contends that the trial court erred when
it allowed the victim, her mother, and her sister to testify at the punishment phase regarding what they each felt
the appropriate punishment for appellant would be.  Appellant argues that their
testimony was highly inflammatory and requests a new punishment hearing.

            The
record reflects that appellant was the victim’s stepfather.  The victim
testified that, when she was sixteen, appellant pulled out a shot glass and
began to play the drinking game “quarters” with her.  She was not very good at
the game, but appellant was.  When she got up to go to bathroom, she fell.  She
eventually crawled to her bedroom.  Appellant came in, rubbed and grabbed her
breasts, and put his mouth on her breasts.  She told him to stop “[t]oo many
times to count.”  He also inserted a finger in her vagina.  The next day,
appellant acted as if nothing had happened.

The
victim testified that another time appellant provided her with alcohol but told
her he would not “get [her] drunk like [she] was the last time.”  However, she
did get intoxicated again.  This time, appellant turned on a sexually graphic
movie, and she went to her bedroom.  Appellant touched her breasts with his
hands and with his mouth.  He also touched her vagina with his mouth.

The
victim described a third time when appellant gave her a Mike’s Hard Liquor
Lemonade.  She drank half of it.  When appellant put his hand on her breast,
she hit him in the chest and told him to stop.  The victim stated that she felt
it helped that she was not “slobbering drunk.”

 At
the punishment phase of the trial, the State asked the victim’s sister, her
mother, and the victim what they “would like to see happen” either “in this
case” or “to” appellant.  Appellant only objected when the sister was asked.  The
sister testified that she would like appellant to get the most punishment and
go away for a long time.  The mother testified that she wanted him in jail for
the rest of his life.  The victim testified that she would like to see
appellant put away for as long as possible.

The
State contends that appellant has either failed to preserve error by failing to
object to the mother’s and the victim’s testimony or has rendered any error
harmless by failing to object.  We agree.  See Leday v. State, 983
S.W.2d 713, 715-18 (Tex. Crim. App. 1998) (distinguishing the rule of harmless
error, waiver, and the common-law doctrine of curative admissibility); Jones 
v. State, 843 S.W.2d 487, 493 (Tex. Crim. App. 1992).  The sole issue is
overruled in each case.




 

            The
judgments of the trial court are affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

December 9, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Cause No. 11-09-00070-CR.

 





[2]Cause No. 11-09-00071-CR.